UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BERNARD FELDMAN, LP.,** ) | |
| a Missouri Limited Partnership and ) | |
| **DEBRA L. REIN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1229SNLJ |
| ) | |
| **JP MORGAN CHASE BANK, NA.,** ) | |
| **and JP MORGAN CHASE NATIONAL** ) | |
| **CORPORATE SERVICES, INC.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs originally filed this multicount action in state court alleging that the originator of a loan, Washington Mutual Bank (a non-party), fraudulently failed to disclose certain terms of the loan; and furthermore, that defendants never received the right to service the subject loan (following Washington Mutual Bank's failure and placement into receivership).  The plaintiffs assert claims for 1) Count I-Declaratory Judgment/Third Party Beneficiary; 2) Count II-Fraud; 3) Count III-Declaratory Judgment-Incomplete Transfer of Interest/No Demonstrable Interest in the Title; 4) Count IV-Unjust Enrichment; 5) Count V-Quiet Title; 6) Count VI-Injunction; and 7) Count VII-Preliminary Injunction.  On or about June 27, 2013, defendants removed this action to federal court on diversity grounds wherein it was assigned to this Court.  This matter is before the Court on the defendants' motion to dismiss [8], filed August 5, 2013.  As of today's date, plaintiffs have failed to file a responsive pleading.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and

designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 550 U.S. at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. Cole v. Homier Distributing Co., Inc., 599 F.3d. 856, 861 (8th Cir. 2010)(*citing* Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937. 1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.(internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir.

2002).  In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations.  Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982).  The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim.  A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 556; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.")  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  Benton v. Merrill Lynch & Co., 524 F.3d. 866, 870 (8th Cir. 208).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal,  -U.S. -, 129 S.Ct. 1937. 1950 (2009)(*quoting* Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. at 1950.

In their complaint, plaintiffs allege that they obtained a loan from Washington Mutual Bank secured by property located at 24 Chaminade Dr., St. Louis, Missouri 63141.  Subsequently, Washington Mutual Bank failed and was placed into receivership by the FDIC.  Defendants purchased certain assets of Washington Mutual Bank from the FDIC.

3

Plaintiffs allege that certain assets, including mortgage loans, of Washington Mutual Bank were sold to various Real Estate Mortgage Investment Conduits (REMIC) prior to September 25, 2008.[1]  Plaintiffs speculate that their loan was one sold to a REMIC, thus, it was not held by Washington Mutual Bank on September 25, 2008 and acquired by the defendants. Consequently, plaintiffs speculate that since Washington Mutual Bank did not own or hold the plaintiff's Deed of Trust; then, neither could defendants.

Plaintiffs further assert that the subject Note and Deed were fraudulently obtained by Washington Mutual Bank because certain terms, including an unspecified "five-year negative amortization period, a pre-payment penalty," and other unspecified "mechanics of [the] Loan" and "material terms," were not disclosed to the Plaintiffs.  *See*, Plaintiff's Exhibit 1-attached to Complaint.

These primary claims are the basis of the plaintiff's causes of action.  Having reviewed the plaintiffs' complaint, the attached Note, and the instant motion and memorandum of law in support, the Court will grant the motion.

The Court concurs that the plaintiffs have pleaded nothing more than speculation regarding their assertion that defendants never purchased an interest in the subject loan pursuant to a Purchase and Assumption Agreement with the FDIC after Washington Mutual Bank was placed in receivership by the FDIC.  They fail to provide even minimal factual support for their assertion that their loan was one of many acquired by a REMIC prior to the receivership; thus, it could not have been acquired by the defendants.  This same type of unsupported speculation fuels their claims that defendants have been unjustly enriched by receiving payments from the

---

[1] This is evidently the date that plaintiffs aver the Bank failed.  For purposes of this motion, the Court will assume that this is correct.

plaintiffs for a loan plaintiffs' contend the defendants do not own, or that somehow the plaintiffs are third-party beneficiaries to an unidentified insurance agreement in connection with the loan. As for their fraud and quiet title claims, the Court again concurs that the plaintiffs have failed to plead the essential elements of these state law claims.  As for the claims regarding undisclosed material terms of the loan, the plaintiffs' own loan exhibit shows that these "undisclosed terms" are actually disclosed within the loan document.  Finally, the plaintiffs seek to stop a foreclosure; however, no foreclosure is pending.

Given the plaintiffs' failure to challenge any of the factual or legal issues raised in the instant motion, and given the well-reasoned grounds for dismissal in the instant motion and memorandum of law in support, the Court finds that the plaintiffs have failed to state any claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [8] be and is **GRANTED.**  Plaintiffs' complaint is hereby **DISMISSED WITHOUT PREJUDICE** in its entirety.  No further action shall be taken.

Dated this 1st day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE